UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:19-CR-00008-JMH-EBA-1
(Related Civil Action No. 5:20-cv-00062-JMH-EBA)

UNITED STATES OF AMERICA,                                              PLAINTIFF,

V.                                  **RECOMMENDED DISPOSITION**

LINDA FARTHING PERRIN,                                                 DEFENDANT.

*** *** *** ***

Linda Farthing Perrin, a federal prisoner proceeding *pro se*, brings this action under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct her sentence. [R. 44]. Perrin argues for relief under § 2255 on three theories of ineffective assistance of counsel: (1) counsel's failure to challenge a search of Perrin's belongings; (2) counsel's failure to challenge the custodial interrogation of Perrin that was conducted without first reading Perrin her *Miranda* rights; and (3) counsel's failure to effectively litigate her claims on direct appeal. Due to the reasons discussed herein, Perrin fails to establish that she is entitled to relief under 28 U.S.C. § 2255. Therefore, it is **RECOMMENDED** that Perrin's motion to vacate be **DENIED**.

### I. FACTS & PROCEDURAL HISTORY

In December 2018, Daniel Kelley, officer for the United States Department of Veterans Affairs (VA) police, was on duty when a VA hospital patient went missing. [R. 1-1 at pg. 2]. While investigating the whereabouts of the missing patient, Kelley encountered the patient and Perrin in the patient's hospital room. [*Id.*]. Kelley detected the smell of marijuana and questioned the patient, who admitted to smoking marijuana off-site. [*Id.*]. Kelley then approached Perrin, asked questions, and requested to search Perrin's purse. [*Id.*]. Perrin verbally consented to

Kelley's search. [*Id.*; *see also* R. 44-1 at pg. 5]. The search of Perrin's purse revealed a plastic bag containing 10.2 grams of marijuana and eleven 2 milligram tablets of alprazolam (Xanax). [R. 1-1 at pg. 2–3]. Kelley also found a crystalized rock substance he believed to be methamphetamine, and a brown rock-like substance that a drug field test positively identified as heroin. [*Id.*]. After identifying Perrin and discovering an active warrant for probation violations, Kelley placed her under arrest, and she was transported to Fayette County Detention Center. [*Id.* at pg. 3].

Perrin was indicted by a federal grand jury on January 3, 2019 on two counts: (1) knowingly and intentionally possessing heroin and methamphetamine, Schedule II controlled substances, in violation of 21 U.S.C. § 844; and (2) knowingly and intentionally possessing with intent to distribute alprazolam (Xanax), a Schedule IV controlled substance, in violation of 21 U.S.C. § 841(a)(1). [R. 5]. In March 2019, Perrin pled guilty to both charges. [R. 17, 28]. The Court sentenced her to 24 months imprisonment to be followed by three years of supervised release. [R. 28 at pg. 2–3]. After sentencing, Perrin directly appealed her sentence. [R. 29] The United States moved to dismiss the appeal based upon the appellate waiver provision in Perrin's plea agreement. [R. 29].

While awaiting the Sixth Circuit's determination as to the validity of Perrin's appellate waiver, she moved this Court to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [R. 44]. Perrin initially asserted two grounds for relief—both premised on theories of ineffective assistance of counsel during district court proceedings. [*See generally* R. 44]. First, she argued defense counsel was ineffective for her failure to raise an involuntary consent argument with respect to Officer Kelley's search and seizure of controlled substances on Perrin's person. [R. 44 at pg. 3; 44-1 at pg. 4]. Second, she argued that counsel was ineffective when counsel failed

to assert that the encounter with Kelley was a custodial interrogation that induced an incriminating response from Perrin without first giving *Miranda* warnings. [R. 44 at pg. 4; 44-1 at pg. 4].

As Perrin's direct appeal was ongoing when the § 2255 motion was filed, this Court recommended that the motion be denied because Perrin failed to show extraordinary circumstances that would merit relief during the pendency of a direct appeal. [R. 49 at pg. 1–2]. Following the Sixth Circuit's dismissal of the appeal, [R. 50], Perrin moved to reinstate her § 2255 motion and add two additional grounds for relief: (1) defense counsel was ineffective on appeal when she failed to attack the conviction based upon "preliminary matters and procedural errors" [R. 51 at pg. 2]; and (2) defense counsel was ineffective on appeal when she failed to argue the merits on Perrin's direct appeal. [R. 51 at pg. 3]. The undersigned, when reinstating Perrin's motion and vacating the prior Recommendation, merged and construed these two claims as one: "ineffective assistance of counsel on direct appeal for failure to effectively litigate her claims." [R. 52 at pg. 2].

### I. STANDARD OF REVIEW

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. A prisoner has a statutory right to collaterally attack her conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). For a federal prisoner to prevail on such a claim, she bears the burden of showing that: (1) her conviction resulted from an error of constitutional magnitude; (2) her sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003), cert. denied, 540 U.S. 879 (2003). If the prisoner alleges constitutional error, she must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488

(citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Alternatively, if she alleges a non-constitutional error, she must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process. *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

The Court additionally recognizes the *pro se* status of Perrin. Pro se motions receive comparatively lenient construction. *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (demonstrating consideration given across the circuits for pro se petitions); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (holding that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation . . . 'to encompass any allegation stating federal relief'").

## II. ANALYSIS

All of Perrin's claims allege ineffective assistance of counsel. To successfully assert an ineffective assistance of counsel claim, Perrin must show two essential elements: (1) deficient performance and (2) how "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating that "[u]nless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable").

First, regarding deficient performance, reviewing courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id.* To show representation fell below an objective standard of reasonableness, Perrin must articulate specific acts or omissions to show how counsel's performance fell "outside the wide range of professionally competent assistance." *Id.* at 690.

Second, Perrin must also establish prejudice by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of her proceedings would have been different. *Id.* at 694–95. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111–12 (2011) (citing *Strickland*, 466 U.S. at 696)). "When deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697. Decisions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). While trial counsel's tactical decisions are not completely immune from Sixth Amendment review, they must be particularly egregious before they will provide a basis for relief. *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir. 1984). Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 691). "Counsel is constitutionally ineffective only if performance below the professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Perrin's three theories of relief are all premised on ineffective assistance of counsel. Her nonspecific assertions against counsel for conduct in both district court and appellate court proceedings do not rise to the level that would merit relief under § 2255.

### A. Perrin's claim that counsel failed argue involuntary consent to search due to intoxication fails

First, Perrin alleges that her counsel was ineffective because counsel should have challenged and moved to suppress the search of her belongings. While Perrin concedes that she

gave VA police verbal consent to search her belongings, [R. 44-1 at pg. 5], she maintains that her intoxicated state rendered her incapable of providing voluntary consent to the search itself. [R. 44 at pg. 6].

"[W]hen the subject of a search is not in custody and the State attempts to justify a search on the basis of his consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied." *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973). However, the record in this case demonstrates that this claim should be denied. During her plea colloquy, the Court read to Perrin the facts underlying the plea agreement, including that "Defendant gave a verbal consent to the search of her purse." [R. 39 at pg. 14]. When the Court asked Perrin directly, "Is that all true . . . ?" Perrin, under oath, replied in the affirmative. [*Id.*].

Perrin's claim also fails because the record does not contain any evidence that she was intoxicated at the time VA police conducted their search. During Perrin's rearraignment, the Court asked, "[W]hile you were at the [VA] hospital, you were smoking marijuana?" [R. 39 at pg. 14]. Perrin replied, "No, sir." [*Id.* at pg. 15]. Given the opportunity, Perrin did not attest to being under the influence of marijuana or any other substance. "Declarations made in open court under oath 'carry a strong presumption of verity.'" *Underwood v. United States*, No. 18-5793, 2018 WL 7140598, at *2 (6th Cir. Nov. 19, 2018) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Perrin's § 2255 motion offers no factual support for her legal argument of intoxication nullifying consent to a search, [R. 44-1 at pg. 6], and she does not demonstrate that counsel's conduct fell below the expected threshold of professionalism and reasonable judgment. Thus, Perrin's first claim of ineffective assistance of counsel fails.

    **B. Perrin's claim that counsel failed to argue improper custodial interrogation before a reading of *Miranda* warnings fails**

Perrin's second claim argues that that counsel should have invoked *Miranda v. Arizona*, 384 U.S. 436 (1966) in her defense, alleging law enforcement questioned Perrin during a custodial interrogation without first reading her *Miranda* warnings. [R. 44 at pg.4]. "[T]he *Miranda* rule is limited to custodial interrogations, which is questioning by a law enforcement officer after a person has been taken into custody or otherwise deprived of his freedom of action in a significant way." *Maranian v. Jackson*, 14 Fed.Appx. 310, 313 (6th Cir. 2001). A factor in determining whether the interrogation was custodial is by evaluating "whether a reasonable person in the suspect's situation would have believed that she was free to terminate the interrogation and leave." *United States v. Crossley*, 224 F.3d 847, 861 (6th Cir. 2000). "[N]o *Miranda* warnings are necessary if a subject is not in custody and is free to leave." *United States v. Elliott*, 876 F.3d 855, 866 (6th Cir. 2017).

Here, neither the record nor the § 2255 motion indicate that Perrin was subjected to a custodial interrogation. Perrin was at no time confined by law enforcement or prevented from leaving the hospital room. She was free to leave at any time. Based upon the record, law enforcement did not ask questions that elicited incriminating information from Perrin. The consensual search of Perrin's purse, followed by a verification of her identity, led to her being arrested pursuant to an active warrant for probation violations. [R. 1-1 at pg. 3]. As Perrin was not in custody prior to the arrest and that she was free to leave, law enforcement was not required to read her *Miranda* warnings prior to asking questions. Perrin fails to show that her counsel's conduct was deficient with respect to raising this issue. Thus, her claim of ineffective assistance of counsel on this basis fails.

### C. Perrin's claim that counsel was ineffective in litigating on direct appeal fails

Perrin's third and final claim argues that defense counsel was ineffective when litigating Perrin's case on direct appeal. In particular, Perrin alleges that counsel should have specifically

attacked the appellate waiver contained in the plea agreement because the appellate waiver "is silent on an attack in regards to preliminary matters and procedural errors" [R. 51 at pg. 2]. Additionally, Perrin argues that counsel should have responded to the United States' motion to dismiss the direct appeal. [*Id.* at pg. 3].

As a preliminary matter, the Court notes that the appellate waiver provision provides: "[t]he Defendant waives the right to appeal the guilty plea, conviction, and sentence. " [R. 17 at pg. 4]. Generally, courts "must give effect to the intent of the parties as expressed by the plain language in the plea agreement." *United States v. Beals*, 698 F.3d 248, 256 (6th Cir. 2012). Here, the appellate waiver clearly bars an appeal, and did not carve out exceptions based on alleged preliminary and procedural error. However, despite the waiver, Perrin's counsel did, in fact, challenge the methodology used by the district court to sentence Perrin on direct appeal. [R. 18]. The negative outcome of Perrin's appeal is not demonstrative of deficient performance required for an ineffective assistance of counsel claim.

Second, Perrin does not demonstrate that counsel's conduct fell outside the realm of reasonable professional judgment when counsel did not respond to the United States' motion to dismiss, when such a response is not required. Fed. R. App. Pro. 27(a)(3)(A) ("Any party *may* file a response to a motion" (emphasis added)). Having failed to articulate acts or omissions that fall outside the wide range of reasonably professional assistance, Perrin's claim of ineffective assistance of counsel based on counsel's conduct on direct appeal fails.

### III. RECOMMENDATION

Accordingly, having reviewed Perrin's motion to vacate [R. 44] in accordance with Rule 10 of the Rules Governing § 2255 Habeas Cases, **IT IS RECOMMENDED** that:

1. Perrin's motion to vacate her sentence under § 2255 [R. 44] be **DISMISSED WITH**

      **PREJUDICE**;

2. A Certificate of Appealability be **DENIED** as to all issues raised, should Perrin so request.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed September 1, 2021.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge