UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No: |
| ) | 5:19-CR-00008-JMH-EBA-1 |
| v. ) | |
| ) | (related Civil Action No. |
| ) | 5:20-cv-00062-JMH-EBA) |
| LINDA FARTHING PERRIN, ) | |
| ) | **MEMORANDUM ORDER** |
| Defendant. ) | |

\*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Edward B. Atkins. (DE 70). The recommended disposition instructed the Petitioner, Linda Farthing Perrin, to file specific written objections within fourteen (14) days after being served with the decision, or else waived her right to further review. (*See id.* at 9). Petitioner has not objected and the time to do so has now passed.

Originally, Perrin moved the Court to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 while awaiting the Sixth Circuit's determination. [DE 44]. Because the appeal was ongoing, the Court recommended the motion be denied. [DE 49]. After the Sixth Circuit's dismissal of the appeal [DE 50], Perrin moved to reinstate her § 2255 motion and add two additional grounds. [DE 51]. The Magistrate Judge merged and construed Perrin's two claims

as one. [DE 52]. Pursuant to local practice, Magistrate Judge Edward B. Atkins conducted a preliminary review of the habeas motion, as required by Rule 4(b) of the Rules Governing Section 2255 Cases, concluding that the § 2255 Motion to Vacate should be denied.

Upon review of the record and the recommendation, the Court agrees with the Magistrate Judge's analysis in the Report and Recommendation. [DE 70]. The Court **finds** that the pending § 2255 motion [DE 44] **must** be dismissed. First, Perrin's claim that counsel failed to argue involuntary consent to search due to intoxication fails because Perrin gave consent to search her belongings and previously admitted to the Court that she was not under the influence of any substance at the time of her consent. Second, Perrin's claim that counsel failed to argue improper custodial interrogation before a reading of *Miranda* warnings fails because she was not subjected to a custodial interrogation. Third, Perrin's claim that counsel was ineffective in litigating on direct appeal fails because it neglected to articulate acts or omissions that fall outside the wide range of reasonably professional assistance.

Consequently, the Court hereby **ORDERS** as follows:

1. Judge Atkins' Recommendation [DE 70] is **ADOPTED** as and for the Opinion of the Court.

2

2. Perrin's motion to vacate her sentence under § 2255 [DE 44] is **DISMISSED WITH PREJUDICE**;

3. A Certificate of Appealability is **DENIED** as to all issues raised, should Perrin so request.

4. A Judgment shall be entered contemporaneously with this Order.

5. This matter is **STRICKEN** from the Court's active docket.

This the 20th day of September, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge